UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

KELVIN ANDERSON                                                          PLAINTIFF

v.                                                    CIVIL ACTION NO. 2:15cv55-DPJ-FKB

UNITED STATES OF AMERICA                                                 DEFENDANT


ORDER

This personal-injury action is before the Court on Defendant the United States of

America's ("United States") Motion to Exclude [29] portions Dr. Y. Susi Folse's expert

testimony under Federal Rule of Evidence 702.  The Court, having considered the memoranda

and submissions of the parties along with the pertinent authorities, finds that the motion should

be denied.

I.      Background

This case arises from a traffic collision that occurred on February 28, 2013, on Lakeland

Drive in Rankin County, Mississippi.  Plaintiff Kelvin Anderson was driving west on Lakeland

Drive when he slowed his vehicle to a stop in order to make a right turn onto Airport Road.

After coming to a stop, he was rear-ended by Defendant's employee, United States Air Force

Staff Sargeant Sean Benoit, who was operating a vehicle owned by Defendant.  Compl. [1].

Anderson alleges that he suffered "severe, permanent and disabling injuries" as a result of the

collision and filed suit in this Court on April 13, 2015, seeking recovery under the Federal Tort

Claims Act, 28 U.S.C. §§ 2671–2680.  Anderson subsequently designated Dr. Y. Susi Folse as

an expert witness.  The United States now moves to exclude a portion of her testimony under

Federal Rule of Evidence 702 on the basis that it is unreliable and that she is not qualified to

render the proposed opinion.  The Motion is fully briefed and the Court is prepared to rule.

II.     Standard

Rule 702 of the Federal Rules of Evidence provides that "[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion . . . ."  The district court fulfills a gatekeeper function to exclude irrelevant or unreliable expert testimony.  *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589 & n.7 (1993).  Accordingly, "[a] party seeking to introduce expert testimony must show '(1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.'"  *Smith v. Goodyear Tire & Rubber Co.*, 495 F.3d 224, 227 (5th Cir. 2007) (quoting Fed. R. Evid. 702).   "[W]hether a proposed expert should be permitted to testify is case, and fact, specific."  *Hodges v. Mack Trucks, Inc.*, 474 F.3d 188, 194 (5th Cir. 2006).  Moreover, the district court retains "'broad latitude' both in deciding how to determine whether an expert's testimony is reliable, and ultimately, whether the testimony is, in fact, reliable."  *Id.* (citing *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 142 (1999)).

When evaluating expert testimony, the overarching concern is whether it is relevant and reliable.  The Court should "make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field."  *Kumho Tire*, 526 U.S. at 152.  "The proponent need not prove to the judge that the expert's testimony is correct, but she must prove by a preponderance of the evidence that the testimony is reliable."  *Moore v. Ashland Chem. Inc.*, 151 F.3d 269, 276 (5th Cir. 1998).  The reliability requirement "implies that the testimony must be grounded in the methods and procedures of science and must

be more than unsupported speculation or subjective belief." *Curtis v. M&S Petroleum, Inc.*, 174

F.3d 661, 668 (5th Cir. 1999).  Despite these requirements, the gatekeeper function of the district

court does not replace trial on the merits.  "Vigorous cross-examination, presentation of contrary

evidence, and careful instruction on the burden of proof are the traditional and appropriate means

of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 596.

III.    Analysis

In his Designation of Expert Witnesses, Anderson stated that "Dr. Folse will provide

opinions regarding Plaintiff's treatment and the injuries he sustained as a result of the incident,"

including specifically that "[b]oth the neck surgery performed by Dr. Yeh and the back surgery

performed by Dr. Patterson were required as a result of the injuries sustained."  Pl.'s Designation

of Experts [33-2].  Defendant seeks to exclude a portion of Dr. Folse's testimony as unreliable

and because she is allegedly unqualified to give an opinion as to whether Anderson's neck and

back surgeries were necessitated and proximately caused by the February 2013 motor-vehicle

collision.

Dr. Folse is a board-certified physical medicine and rehabilitation physician who treated

Anderson after the car accident.  *See* Folse CV [29-1]; Folse Dep. [33-4] at 9.  Although the

United States acknowledges that Dr. Folse has a medical degree and is board certified, it notes

that she is not a surgeon and does not routinely decide whether a patient requires surgery.  Def.'s

Mem. [30] at 1–2.  Specifically, Defendant points to Dr. Folse's deposition testimony, in which

she stated the following:

> Q.  When you refer [patients] to the surgeon, is it that you've already determined
> that they need surgery?

> A.  No.  I basically determine that they have failed conservative treatment or they
> are still having significant limitations and feel like a surgical eval is a good thing
> to do at that point.  So I'm not going to decide if they need surgery or not.  I leave
> that up to the surgeon.  I just feel like it's time, that window of opportunity to go
> talk to the surgeon to see do we keep doing what we are doing or is there
> something they can do to kind of get them better.
>
> Q.  Is that something that you would ever feel comfortable doing? Telling a
> patient that they require surgery?
>
> A.  I mean, I don't necessarily tell them they need surgery.  I can tell them that
> you have weakness in your leg or whatever and you may need or probably need
> surgery.  But I would not be the one to determine if they need surgery because
> I'm not the surgeon.

Folse Dep. [29-2] at 28–29.  The United States contends that because neck and back surgery are

admittedly not within the scope of Dr. Folse's practice, she is "unqualified to opine on whether a

surgery would be necessary, let alone[ ] the causation of the surgery."  Def.'s Mem. [30] at 2.

To support its position, the United States relies exclusively on the Fifth Circuit's holding

in *Moore v. Ashland Chemicals, Inc.*, in which the court upheld the exclusion of a physician's

causation testimony where the physician cited no scientific support for his conclusion and based

his opinion on a theory that was untested and not generally accepted in the scientific community.

151 F.3d at 279.  The physician in that case was "highly qualified," but admitted that he had

never previously treated a patient who had been exposed to a similar chemical.  *Id.* at 278.  By

comparison, there is no dispute in this case that Dr. Folse is one of Anderson's treating

physicians and first examined him a few weeks after he was involved in the accident.  Folse Dep.

[33-4] at 9.  More importantly, Dr. Folse's proposed causation testimony is based on her

experience as a physiatrist rather than an untested and unaccepted scientific theory, as was the

case in *Moore*.  While she does not perform surgeries herself, Dr. Folse testified that she is

routinely involved in assessing whether a patient requires surgery.  *See* Folse Dep. [33-3] at 28

(stating that the decision to recommend surgery is "kind of [a] 50/50" split between her and the surgeon).  The instant case is therefore sharply distinguishable from *Moore*.

To be qualified as an expert under Rule 702, a witness must have "knowledge, skill, experience, training or education" that "will help the trier of fact."  Fed. R. Evid. 702.  Although Dr. Folse is not a surgeon and testified that she does not ultimately decide whether a patient needs surgery, she is a board-certified physician with sixteen years of experience in the physical medicine and rehabilitation fields.  *See* Folse Dep. [33-1] at 41.  And while she may not make the final decision as to whether a patient requires surgery, her expertise allows her to determine whether non-surgical, "conservative treatment" options have failed.  Folse Dep. [29-2] at 28–29.  Additionally, Dr. Folse's testimony is based on a reliable foundation, as she was Anderson's treating physician immediately after his February 2013 car accident and therefore personally assessed his condition prior to his neck and back surgeries.  Folse Dep. [33-4] at 9.

Dr. Folse's opinion thus appears to be based on "the methods and procedures of science and . . . more than unsupported speculation or subjective belief."  *Curtis*, 174 F.3d at 668; *see also Watkins v. New Palace Casino, LLC*, 2014 WL 10100195, at *4 (S.D. Miss Oct. 31, 2014) (denying motion to exclude treating physician's testimony regarding causal relationship between the plaintiff's injury and subsequent spinal surgery despite fact that the physician was not a surgeon); *Hart v. Howard*, No. 1:11-cv-83- LG-RHW, 2012 WL 3000654, at *1 (S.D. Miss. July 23, 2012) (holding that "a lack of specialization does not affect the admissibility of the opinion, but only its weight" (citations and internal quotation marks omitted)).  Her experience in the medical field also appears to be consistent with the "level of intellectual rigor that characterizes the practice of an expert in the relevant field."  *Kumho Tire*, 526 U.S. at 152.

Based on these considerations, the Court finds that Dr. Folse is adequately qualified to testify as to the causal relationship between Anderson's car accident and his subsequent surgeries. The fact that it is not within the scope of Dr. Folse's practice to make the final determination as to whether a patient requires surgery goes to the weight, rather than the admissibility, of her testimony. Defendant may vigorously cross examine Dr. Folse and present contrary evidence at trial to attack the weight given to her testimony. The United States' Motion is therefore denied.

IV.    Conclusion

The Court has considered the parties' arguments. Those not specifically addressed would not have changed the outcome. For the foregoing reasons, the Court finds that the United States' Motion to Exclude [29] Dr. Folse's expert testimony should be denied.

**SO ORDERED AND ADJUDGED** this the 3rd day of August, 2016.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE