UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

KELVIN ANDERSON                                                                                          PLAINTIFF

v.                                                                              CIVIL ACTION NO. 2:15cv55-DPJ-FKB

UNITED STATES OF AMERICA                                                                      DEFENDANT

ORDER

This personal-injury case is before the Court on Plaintiff's Motion to Take Deposition [38] and the Government's Motion to Quash Deposition Notice [44]. The two motions originally addressed the noticed depositions of Drs. Yeh and Patterson, but the parties resolved the issues regarding Yeh. Plaintiff's Motion [38] is therefore moot, as is the Government's Motion [44] as it relates to Dr. Yeh.

As for Dr. Patterson, the Court concludes that the deposition should be allowed, though the Government's opposition is not entirely without merit. Primarily, the Government correctly notes that the Plaintiff waited until after the discovery deadline to request the doctor's deposition. That said, courts are generally accommodating when it comes to treating physicians because their duties to their patients often conflict with the unpredictable nature of trials. It is therefore a fairly common practice to take a discovery deposition of a treating physician followed by a video-taped deposition for trial purposes. Regardless, the parties will incur the time and expense of examining this witness whether through live testimony at trial, video conferencing at trial, or a video-taped deposition before trial, so prejudice from the delay is not sufficient to deny the deposition.

The Government's other objections are less compelling. While it is true that Dr. Patterson has been deposed in the past, the Court anticipates that both sides will hone their

examinations and present more concise and lucid examinations for use at trial. It is also important to note that the Court extended the trial date in this case leaving ample time to complete this task. Finally, the Court does not at this point consider Dr. Patterson's testimony to be duplicative given the fact that he performed the surgery that the parties dispute.

For these reasons, the Court denies Motion [44] and denies Motion [38] as moot. The parties are instructed to communicate and find a mutually agreeable time and date for the deposition. The Government's expert may participate via telephone or otherwise if the Government so chooses.

**SO ORDERED AND ADJUDGED** this the 23th day of August, 2016.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE